IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

IN THE MATTER OF THE SEARCH OF:

Content of files submitted
In connection with CyberTipline
Report #130625883, currently in
the custody of Homeland
Security Investigations, and
more fully described in
Attachment A.

CASE NO. 2:22-mj-00151

---

## AFFIDAVIT

Your Affiant, Christopher Yarnell, having been duly sworn, does hereby depose and state that the following is true to the best of my information, knowledge, and belief:

I. **INTRODUCTION**

1. I am a Special Agent with Homeland Security Investigations ("HSI"). I have been so employed since June 2017. Prior to my employment with HSI, I was a Border Patrol Agent and a Task Force Officer with HSI. I am a graduate of three federal law enforcement academies at the Federal Law Enforcement Training Centers ("FLETC"). I graduated from the United States Border Patrol Agent Academy in 2008, Criminal Investigator Training Program in 2017, and the Homeland Security Investigations Special Agent Training Program in 2018. As part of some of these programs, I received extensive training in the areas of law within the jurisdiction of HSI.

I have specifically received training in the areas of child pornography and the sexual exploitation and abuse of children. This training included specialized instruction on how to conduct criminal investigations related to violations of child protection laws pursuant to Title 18, United States Code, Sections 2251, 2252, 2252A, and 2256.

2.    I am currently assigned to the HSI Resident Agent in Charge, Charleston, West Virginia. During my tenure with HSI, I have participated in, and gained experience with, conducting investigations involving computers and the processes that are necessary to retrieve, collect, and preserve electronic evidence. Through my training and experience, including work-related discussions with other law enforcement agents, I am familiar with the operational techniques and organizational structure of child pornography distribution networks, as well as the traits and characteristics of child pornography collectors and possessors and their use of computers or other electronic and media devices to facilitate the collection, possession, trade, distribution, access, and receipt of child pornographic materials. I have received training in the areas of child pornography and child exploitation and have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256) in the form of

computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including Title 18, United States Code, Sections 2251, 2252, 2252A, and 2256.

6.    I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—file(s) submitted in connection with Cyber Tipline Report #130625883 ("the CyberTip"), which are currently in the possession of law enforcement. The files submitted in connection with the CyberTip (more fully described in Attachment A), and the data located therein, there being probable cause to believe that located in the place described in Attachment A are items described in Attachment B, being evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A(a)(2), receiving and distributing child pornography in interstate commerce by computer; and § 2252A(a)(1), the transportation of child pornography in interstate commerce.

7.    Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each fact known to me concerning this investigation. I have set forth facts that I believe are necessary to establish probable cause to believe that evidence, fruits,

and instrumentalities of violations of 18 U.S.C. §
2252A(a)(2), receiving and distributing child pornography in
interstate commerce by computer; and § 2252A(a)(1), the
transportation of child pornography in interstate commerce,
are located in the place described in Attachment A.

8.   The information contained within the affidavit is
based on my training and experience, as well as information
imparted to me by other law enforcement officers involved in
this investigation.

## II.   **RELEVANT STATUTES**

9.   The investigation concerns potential violations of
18 U.S.C. §§ 2252A(a)(1), (2), and (5)(B), relating to
matters involving the sexual exploitation of minors.

   a.   18 U.S.C. 2252A (a)(1) prohibits any person from
        knowingly mailing, transporting, or shipping child
        pornography in interest or foreign commerce by any
        means, including by computer.

   b.   18 U.S.C. § 2252A(a)(2) prohibits any person from
        knowingly receiving or distributing any child
        pornography that has been mailed or shipped or
        transported in interstate or foreign commerce by
        any means, including by computer.

   c.   18 U.S.C § 2252A(a)(5)(B) prohibits any person from
        knowingly possessing any books, magazines,

4

periodicals films, video tapes, computer discs, or
other matter that contains an image of child
pornography that has been mailed, or shipped or
transported in interstate or foreign commerce by
any means including computer, or that was produced
using materials mailed, or shipped or transported
in interstate or foreign commerce by any means
including computer.

III. **DEFINITIONS**

10.   The following terms are relevant to this affidavit
in support of this application for a search warrant:

a.   Child Erotica:  The term "child erotica" means any
material relating to minors that serves a sexual
purpose for a given individual, including fantasy
writings, letters, diaries, books, sexual aids,
souvenirs, toys, costumes, drawings, and images or
videos of minors that are not sexually explicit.

b.   Child Pornography: The term "child pornography" is
defined at 18 U.S.C. § 2256(8). It consists of a
visual depiction of sexually explicit conduct where
(a) the production of the visual depiction involved
the use of a minor engaged in sexually explicit
conduct, (b) the visual depiction is a digital
image, computer image, or computer-generated image

5

that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), as well as any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct. *See* 18 U.S.C. §§ 2252 and 2256(2), (8).

c.   Internet Protocol ("IP") Address: An "IP address" is a unique number used by a computer or other digital device to access the Internet. Every computer or device accessing the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer or device may be directed properly from its source to its destination. Most Internet Service Providers (ISPs) control a range of IP addresses. IP addresses can be "dynamic," meaning that the ISP assigns a different unique number to a computer or device every time it accesses the Internet. IP addresses might also be "static," if an ISP assigns a user's computer a particular IP address that is used each time the computer accesses the Internet. ISPs

6

typically maintain logs of the subscribers to whom IP addresses are assigned on particular dates and times.

d. Minor: The term "minor" means any person under the age of eighteen years. *See* 18 U.S.C. § 2256(1).

e. Sexually Explicit Conduct: The term "sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any persons. *See* 18 U.S.C. § 2256(2).

f. Visual Depictions: "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. *See* 18 U.S.C. § 2256(5).

IV. <u>CYBERTIPLINE REPORT AND PROBABLE CAUSE</u>

11. The National Center for Missing and Exploited Children ("NCMEC") is an organization that, among other things, tracks missing and exploited children, and serves as a repository for information about child pornography.

7

12. Companies that suspect child pornography has been stored or transmitted on their systems can report that information to NCMEC in a CyberTip. To make such a report, a company providing services on the internet, known as an electronic service provider ("ESP"), can go to an online portal that NCMEC has set up for the submission of these tips. The ESP, in this case Omegle, can then provide to NCMEC information about the child exploitation activity it believes has occurred, including the incident type, the incident time, any screen or usernames associated with the activity, any IP address or port numbers it captured, chat history records, as well as other information it may have collected in connection with the suspected criminal activity. Other than the incident type and incident time, the remainder of the information the ESP provides is voluntary and undertaken at the initiative of the reporting ESP. The ESP may also upload to NCMEC any files it collected in connection with the activity. The ESP may or may not independently view the content of the files it uploads.

13. NCMEC does not review the content of these uploaded files not previously viewed by the ESP. Using publicly available search tools, NCMEC attempts to locate where the activity occurred based on the information the ESP provides, such as IP addresses. NCMEC packages the information from the

ESP along with any additional information it has, such as previous related CyberTips, and sends it to law enforcement in the jurisdiction where the activity is thought to have occurred.

14. On or about August 11, 2022, electronic service provider Omegle submitted Cyber Tipline Report #1306255883 to NCMEC. The incident type was identified as child pornography, and the incident time was listed as: August 11, 2022, at 18:37:53 UTC.

15. Omegle also uploaded two files in connection with the report, (1) Omegle file named "History.txt" which contains chat history records associated with the IP address and/or ID cookie for the flagged snapshot, from 7 days preceding the snapshot's timestamp, the content of which NCMEC did not review; and (2) an alleged media file of apparent child pornography, which Omegle and NCMEC viewed. Your affiant viewed the media file, which contained several screenshots either from a pre-recording or live stream via webcam. The file depicts a female child, approximately 1-3 years of age, wearing a blue colored dress. The female child is standing in front of a pubescent male who has his erect penis in the female child's mouth. The child's right arm is holding his penis. The female child stands at about waist height of the male. Additionally, in the CyberTip Report,

9

under the Chat/Instant Messaging section, Omegle says in all caps "IMPORTANT: THIS REPORT MAY HAVE INVOLVED LIVE ACTS! This determination was made automatically by a program which analyzed the webcam model listed below."[1]

16.    The Cyber Tipline Report notes that the ESP did not provide a response to whether the ESP viewed the contents of the Omegle file "History.txt." This file, as noted above, was also included in the Cybertip. Based on my training and experience, I believe that the additional information the ESP provider gave in the "History.txt" file relates to identifiers for the account and/or other relative information involved in the incident triggering the CyberTip.

17.    NCMEC used publicly available search tools to discover that the IP address the ESP reported resolved to Suddenlink Communications. The CyberTip was then provided to law enforcement in this jurisdiction.

18.    The image file at issue here, provided by the ESP based on the file of apparent child pornography that they reported to NCMEC.

19.    Based on information contained in the Cyber Tipline Report, it is unclear if Omegle independently reviewed any of the "History.txt" file data that was provided in connection

_____

[1]    The Cybertip Report lists the Webcam model as Full HD webcam (1bcf:2284).

10

with the CyberTip. Although Omegle may not reviewed this material, I have probable cause to believe the material contains relevant information potentially related to the identification of the user, and or identification of a potential victim, of child exploitation that was also provided with the Cybertip.

20.   In summary, there is probable cause to believe that the material in the "History.txt" file that Omegle sent to NCMEC in connection with the Cyber Tipline Report contains relevant data related to the sexual exploitation of children, including any material that may not have been previously reviewed by Omegle.

V.   **INTERSTATE NEXUS**

21.   I submit that the element of "in or affecting interstate or foreign commerce" is satisfied for a violation of 18 U.S.C. § 2252A, for the limited purpose of securing a search warrant, through use of the ESP servers and use of the Internet in connection with this offense.

VI.   **CONCLUSION**

22.   Based on the aforementioned factual information, your affiant respectfully submits that there is probable cause to believe that inside the "History.txt" file that Omegle uploaded in connection with the above Cybertip #130625883 (described in Attachment A), evidence, fruits, and

instrumentalities of violations of 18 U.S.C. §
2252A(a)(5)(B), possession of child pornography; 18 U.S.C. §
2252A(a)(2), receiving and distributing child pornography in
interstate commerce by computer; and 18 U.S.C. § 2252A(a)(1),
(described in Attachment B) will be found.

23.   Your Affiant, therefore, respectfully requests that
the attached warrant be issued authorizing the search and
seizure of the items described in Attachment A, for the items
listed in Attachment B.


I swear that this information is true and correct to the
best of my knowledge.


_____
SPECIAL AGENT Christopher A. Yarnell
DEPARTMENT OF HOMELAND SECURITY
HOMELAND SECURITY INVESTIGATIONS



SUBSCRIBED and SWORN to before me by telephonic means
this __6th__ day of October, 2022.


_____
DWANE L. TINSLEY
UNITED STATES MAGISTRATE JUDGE